State v. Corkrey.

———————

STATE OF MAINE *vs.* MARY CORKREY, appellant.

*Pleading. Only the issue raised in court below is tried on appeal.*

One who pleads a misnomer in the municipal court and appeals from an adverse judgment there, upon that issue, cannot waive that plea in this court and have a trial upon the merits.

ON EXCEPTIONS to the rulings of the justice of the superior court.

COMPLAINT and search and seizure process made to and issued by the municipal court of the city of Portland, against the present respondent and her husband, William Corkrey. Mr. Corkrey was discharged by that court, but his wife was convicted and sen-

tenced to pay a fine of fifty dollars and costs, from which judgment she appealed to the superior court.

The record of this case in the municipal court recited that "Mary Ann Corkrey, who is complained of by the name of Mary Corkrey, comes and says that her name is Mary Ann Corkrey and not Mary Corkrey as by said complaint is supposed, and this she is ready to verify. Whereupon, Charles F. Libby, attorney for the state, &c., &c., comes and says that the said Mary Ann Corkrey long before, . . . was and still is known as well by the name of Mary Corkrey as of Mary Ann Corkrey," &c. . . . . . "Whereupon, after a full hearing, the court decides that the said complaint ought not to be quashed by reason of anything above pleaded by the said Mary Ann Corkrey." Then follows a statement that the court decides that William Corkrey is not guilty, and the record concludes that it is considered and ordered that Mary Corkrey pay the fine, &c., (as aforesaid) from which sentence she appeals, &c.

There is no distinct statement that she is adjudged guilty of the offence charged.

The papers accompanying the record and filed in the appellate court showed a formal plea of misnomer, properly joined.

At the trial in the superior court the defendant contended that no judgment was rendered against her in the court below ; that she had no trial there ; and claimed one in the superior court by jury upon a plea of not guilty ; but the presiding justice, ruled that no trial could now be had upon the merits, as by the record introduced it appeared that the only question pending was that of misnomer, and that the case could only be tried upon the issue the respondent had chosen to present in the lower court.

The appellant then moved that the appeal be dismissed because no legal judgment of conviction was awarded in the municipal court, but this motion was denied, the case sent to the jury upon the plea of misnomer, which was found against the respondent, and exceptions were taken to the rulings aforesaid.

*J. O'Donnell* for the respondent.

The judge in the municipal court if he found for the state upon

the respondent's plea of misnomer should have overruled that plea and adjudged her guilty. *Commonwealth* v. *Dow*, 11 Gray, 317. A conviction must precede sentence, and be alleged in the record. R. S., c. 27, §§ 45 to 55; *Kendall* v. *Powers*, 4 Metc., 553.

There being no judgment on the plea of misnomer, the respondent was entitled to a trial by jury upon the general issue. *Commonwealth* v. *Golding*, 14 Gray, 49.

*Charles F. Libby*, county attorney, for the state.

DICKERSON, J. The record of the municipal court in this case shows that the respondent filed a plea of misnomer, and that the decision was against her upon that plea; and that, thereupon, judgment was rendered against her. By thus electing to go to trial solely upon the plea of misnomer in the municipal court, the respondent waived her right to plead anew in the appellate court and go to trial on the merits. *Exceptions overruled.*

APPLETON, C. J., WALTON, BARROWS, VIRGIN and PETERS, JJ., concurred.